**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTON A. EWING, | No. 18-56487 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00678-LAB-AGS |
| v. | |
| K2 PROPERTY DEVELOPMENT, LLC, DBA Conserva Solar, a California Limited Liability Company; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 15, 2019**

Before:  SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Anton A. Ewing appeals pro se from the district court's judgment enforcing

the terms of a settlement agreement in his action alleging federal and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the district court's enforcement of a settlement agreement, *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002), and for clear error the district court's findings of fact, *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988). We affirm.

The district court did not abuse its discretion by enforcing the parties' settlement agreement because the district court's findings that Ewing agreed to the terms, and that defendants substantially complied with those terms, were not clearly erroneous. *See Doi*, 276 F.3d at 1137-40 (district court did not abuse its discretion in enforcing settlement agreement where material terms of agreement were read into the record and parties agreed to them); *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."); *see also* Cal. Civ. Code § 1550 (setting forth essential elements to the existence of a contract under California law); *id.* § 1567 (consent not free when obtained through duress, fraud, undue influence, or mistake).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellee Klein's request for sanctions under 28 U.S.C. § 1927, set forth in

his answering brief, is denied.

**AFFIRMED.**